■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KARL MYERS and JAMES D'ANGELO, Respondents.—Appeal by the People from an order of the Supreme Court, Westchester County, dated October 15, 1975, which granted defendants' motion, *inter alia,* to suppress certain physical evidence. Order affirmed. The District Attorney concedes (1) that the tape of the November 7, 1974 conversation was never in fact sealed by Judge Bliss and (2) that its sealing on January 24, 1975 by Judge Caruso was untimely as a matter of law. He argues, however, that defendants have waived any right to exclude the marijuana which was seized by their attorney's stipulation at the suppression hearing "that if the Court upholds the validity * * * of the wiretap *order,* I will concede that there [was] probable cause for * * * stopping * * * the automobile that night, and [for] the subsequent search and seizure" (emphasis supplied). We disagree for the following reasons: (1) At the Criminal Term neither side appears to have adopted that construction, as the "supplemental", "opposition" and "reply" memoranda all raise and discuss, without objection, only the issue of untimely sealing. (2) The Criminal Term, in the stipulation entered upon the record pursuant to the *in camera* conference, specifically granted the defendants leave to submit "further papers attacking [the wiretap] on other grounds". (3) The Criminal Term ultimately granted the motion to suppress on the basis of an improper sealing, without passing upon the alternate ground that the delegation of authority contained in the order was overbroad. (4) Even without regard to the foregoing, a stipulation which would, if read literally, have the effect of waiving important statutory and decisional rights involving the exclusion of illegal or inadmissible evidence (see CPL 700.65, subd 2; *People v Sher,* 38 NY2d 600) should not be thus construed, in the absence of clear evidence that it was so intended and understood by the parties. Manifestly, then, it should not be given such effect where the contrary appears from the record. Thus the stipulation should be read in the context of the proceedings in which it was entered, and, as such, construed to mean that if defendants were unsuccessful in their attack upon the "wiretap" in general, they would have conceded the *existence* of "probable cause". The order appealed from has therefore been affirmed. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.